IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

-------------------------------------------------------------X

IN RE:

**STEVEN CAPPIELLO,**
**REGINA CAPPIELLO**

**Chapter   7**

**Case No. 09-23584 (rdd)**

**Joint Debtors**

-------------------------------------------------------------X

**STEVEN CAPPIELLO,**
**REGINA CAPPIELLO**

**Adversary Proc. No.:_____**

**Plaintiffs**

**v.**

**COMPLAINT**

**BAC Home Loan Servicing LP**

**Defendant**

-------------------------------------------------------------X

**NOW HWERE COMES Plaintiffs Steven Cappiello and Regina Cappiello, the Joint Debtors in the above captioned case (the "Plaintiffs" or "Debtors") by and through their undersigned counsel, as and for their complaint against the Defendant BAC Home Loan Servicing LP ( the "Defendant" or "BAC") and respectfully state as follows:**

<u>**JURISDICTION**</u>

1.  The Debtors, Steven Cappiello and Regina Cappiello, a married couple, filed a petition for relief under Chapter 13 of Title 11 of the United States Code ( the "Bankruptcy Code") on August 25, 2009.  Thereafter the Debtors by way of motion converted theirs to a case under Chapter 7 of the Title 11 of the United States Code.  This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §157 and §1334.  This district is the appropriate venue as per 28 U.S.C. §1409.  The statutory predicate for this proceeding is  11 U.S.C. §506(a) and 506(d) of the Bankruptcy Code and F.R.B.P. 3012,

6009 and 7001 et seq. This action is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A)and (K).

## PARTIES

2. The Plaintiffs own the property known as 3 East Gate Road, Montabello, NY 10901, (the "Property") a single family home where they reside with their minor child and Plaintiff Steven Cappiello's elderly father.

3. Defendant is, based upon information and belief, the servicer of a second mortgage on the Property and can be served at the following address: 400 National Way , Simi Valley, CA 93065 and/or at 7105 Corporate Drive, Plano TX, 75024-000.

## BACKGROUND

4. The Second Mortgage lien comes by way of a Note executed by Plaintiff Regina Cappiello and a Mortgage executed by both Steven Cappiello and Regina Cappiello. Said Note and Mortgage are in favor of lender, "First Franklin a Division of National City Bank of IN" and dated April 14, 2005 (hereinafter collectively the "Second Mortgage") recorded on the land records of Rockland County on or about May 17, 2005.

5. During the Plaintiffs' Chapter 13 case, on or about September 15, 2009, a proof of claim was filed by creditor, "Home Loan Services, Inc. as servicer for Deutsche Bank National Trust Company as Trustee for FFMLT 2007-FFB-SS Mortgage Pass Through Certificates, Series 2007-FFB-SS" ( see ECF Claim Number 3-1) claiming a secured claim of $153,369.52. (hereinafter "POC 3-1")

6. On or about October 1, 2010, POC 3-1 was transferred by agreement from Home Loan Services, Inc. as transferor to BAC Home Loan Servicing LP as transferee as per a

"Transfer of Claim for Security" filed as Document Number 38 on the Court's ECF System.

7. In a statement dated June 1, 2011, Defendant provided Plaintiffs with a "Payoff Demand Statement" valid through June 14, 2011 indicating the "Total Amount Required to Release Lien" to be $164,082.92. A copy is attached hereto as **Exhibit "A".**

8. Based upon information and belief, the Defendant also purports to be the servicer of the First Mortgage Lien on the Property and filed a Proof of Claim on or about September 20, 2010 claiming a first mortgage lien of $651,655.68 (see ECF Proof of Claim No. 22-1).

9. In a statement dated June 1, 2011, relating to the First Mortgage, Defendant provided Plaintiffs with a "Payoff Demand Statement" valid through June 14, 2011 indicating the "Total Amount Required to Release Lien" to be $682,293.05. A copy is attached hereto as **Exhibit "B".**

10. In accordance with a paid appraisal the fair market value of the Property as of the date the Chapter 13 case was filed was $490,000.00. A copy of the 2009 appraisal is attached hereto as **Exhibit "C".**

11. In accordance with a paid appraisal the fair market value of the Property as of February 24, 2011, is $495,000.00. A copy of the 2011 appraisal is attached hereto as **Exhibit "D".**

12. By Order of this court, the parties are actively engaged in the Court's Loss Mitigation Program as to the above described First Mortgage.

13. The Plaintiff Steven Cappiello is quadriplegic and the Property is altered to specifically accommodate his disability therefore the Plaintiffs desire retention of the Property.

## FIRST CLAIM FOR RELIEF

14. Plaintiffs hereby incorporate and re-allege paragraphs 1 through 13 as if set forth fully herein.

15. The total amount due on the first mortgage lien against the Property based upon the statement provided by Defendant is $682,293.05 and the valuation of the property is no more than $495,000.00. There is no equity in the property to secure the subordinate lien serviced by the Defendant and the claim is fully unsecured.

16. In accordance with Section 506(a) of the Bankruptcy Code, a claim is allowed as secured only to the extent of the value of the property on which the lien is fixed. The balance of the claim is considered unsecured. Because there is no value left in the property upon which to fix any part of the lien of the second mortgage serviced by Defendant, the entire subordinate lien is unsecured and cannot be considered an allowed secured claim.

## FIRST CLAIM FOR RELIEF

17. Plaintiffs hereby incorporate and re-allege paragraphs 1 through 16 as if set forth fully herein.

18. Pursuant to Section 506(d) of the Bankruptcy Code, to the extent a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless such claim is disallowed under Section 502(b)(5) or 502(e) of the Bankruptcy Code; or such claim is not an allowed secured claim due only to the failure of an entity to file a proof of claim under Section 501.

19. In accordance with Section 506(d), the subordinate mortgage lien held by the defendant must be considered null and void as it is wholly unsecured and therefore not an allowed secured claim under 506(a) of the Bankruptcy Code.

20. No previous request for relief requested herein has been made.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendant declaring:

A) The claim held by BAC Home Loan Servicing LP as servicer secured by the second mortgage lien on the Debtors' real property located at 3 East Gate Road, Montabello, NY 10901, be deemed a wholly unsecured claim and that the entire subordinate claim be declared null and void;

B) For an Order directing the Rockland County Clerk cancel and discharge the second mortgage lien serviced by BAC Home Loan Servicing LP on the Debtors' real property;

C) For an Order directing classifying any proof of claim filed by, for or otherwise asserted by the Defendant as to the second mortgage as unsecured;

D) For such other relief as this Court determines just and proper.

Respectfully Submitted,

DATED: January 28, 2012

/S/ LINDA M. TIRELLI
Linda M. Tirelli, Esq.
Law Offices of Linda M. Tirelli PC
Attorney for Debtors
One North Lexington Ave., 11th Floor
White Plains, NY 10601
Phone: (914)946-0860 / Fax: (914)946-0870

# EXHIBIT "A"

**Bank of America**
**Home Loans**

**PAYOFF DEMAND STATEMENT**

*Payoff Department, Mail Stop NC4-105-01-40*
*4161 Piedmont Pkwy*
*Greensboro, NC 27410-8110*

| Statement Void After
| **June 14, 2011** |

Statement Date
June 1, 2011

ATTN:REGINA CAPPIELLO
X
X
X 99999

BAC Home Loans Servicing, LP
Loan No.:    23464048

**Name & Property Address:**
Regina Cappiello
3 E Gate Rd
Suffern, NY  10901

Escrow #          Linda Tirelli
Faxed to:        1-914-946-0870

### This loan is in Bankruptcy.
(B&C 2BLN)

| PAYOFF CALCULATION | | |
|---|---|---|
| | Principal Balance as of 06/01/2010 | $150,924.60 |
| | Interest from 06/01/2010 to 06/14/2011 | 13,676.23 |
| | County Recording Fee | 55.50 |
| | Fees Due | 90.00 |
| | Less: Partial Payment Balance | 663.41 - |
| | **Total Amount Required to Release Lien (As of June 14, 2011)** | **$164,082.92** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE JUNE 14, 2011.*

To provide you with the convenience of an extended 'Statement Void After' date, the Total Amount Due may include estimated fees, costs, additional payments and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued.  You will receive a refund if you pay the Total Amount Due and those anticipated fees, expenses, or payments have not been incurred.

**INTEREST CALCULATIONS**

For all full month payment periods, interest is calculated on a monthly basis.  Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month.  For partial months, interest is calculated daily on the basis of a 365 day year.

Adjustable rate mortgage loans may have more than one interest rate in effect during the period in which this demand statement applies.  Amended demand statements are sent automatically if the total amount due increases before June 14, 2011.

| Daily Interest¹ | From | To | Interest rate |
|---|---|---|---|
| 36.1805 | 06/01/2011 | 06/14/2011 | 8.7500 |

¹Daily Interest = Principal Balance x Interest Rate ÷ 365

**PAYOFF INSTRUCTIONS**

Payoff funds must be made payable to BAC Home Loans Servicing, LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.  They MUST reference the BAC Home Loans Servicing, LP loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below.  Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter.  Funds received after 4:00 p.m. Eastern Time may be posted the following business day.

**Wire Funds to:**
Beneficiary Bank:  Bank of America
ABA Routing #:  0260-0959-3
Beneficiary Acct Name:  MRC
MRC Account #12356-19173
Reference:  Regina Cappiello
Loan Number:  23464048

**Mail CERTIFIED Funds to:**
BAC Home Loans Servicing, LP
Attention: Payoff Department, Mail Stop NC4-105-01-40
4161 Piedmont Pkwy
Greensboro, NC 27410-8110

**PLEASE DO NOT SEND CERTIFIED FUNDS TO THE WIRE FUNDS INSTRUCTIONS ABOVE AS CERTIFIED FUNDS MUST BE PROCESSED IN OUR PAYOFF DEPARTMENT.**

This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan.

**Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.**

For Internal Use Only: 0          See following page for important information.          S310L1 11544 03/30/2010

| BAC Home Loans Servicing, LP | Statement Date: | Statement Void After: |
| Loan No: 23464048 | June 1, 2011 | June 14, 2011 |

### IMPORTANT INSTRUCTIONS ON PAYMENT OF SHORTAGE

If the payoff amount actually received by BAC Home Loans Servicing, LP to pay off your loan is insufficient to pay the amount due as described in this statement, we may treat your payment as an instruction to deduct the shortage from any refund you would receive of monies from your escrow account. We will not do this, however, if (i) the shortage is greater than $2,000.00, or (ii) you have instructed us not to do so. You may contact our Customer Service Department for this purpose at 1-800-669-6607.

### PAYOFF OVERAGES

If BAC Home Loans Servicing, LP receives funds greater than the amount required to pay off your loan, we will automatically process the overage within 14 days after payoff and return the excess amount to you. If an address change is being submitted on behalf of the borrower, the form MUST be signed by the borrower for the address change to take effect.

### BANKRUPTCY DISCHARGE

If you have received a discharge of this debt in a bankruptcy, you have no personal obligation to repay this debt. However, the lender may still foreclose on your property if the debt is not paid as required by the loan documents. This payoff statement is provided at your request and for your convenience. This is not an attempt to collect a debt that has been discharged, nor a demand for payment.

### ADDITIONAL INFORMATION

The payoff amount indicated in this statement is subject to change for various reasons, including but not limited to the following:

- We may not have posted a recently submitted payment; (Please DO NOT place a stop payment on any check.)
- A fee may be assessed if a payment is returned unpaid by your financial institution for any reason;
- Additional or anticipated fees and costs may be incurred relating to collection, foreclosure, bankruptcy, or other defaults on your loan;
- Adjustments may be required to reflect disbursements made by, or payments owed to, your prior lender if the servicing of your loan was transferred to BAC Home Loans Servicing, LP;
- Late charges may be assessed for delinquent payments received after: 06/11/2011;
- Funds may be deducted from your escrow account to pay taxes, insurance or other escrow items that become due.

Automated Payoff Request Line: 1-800-669-5833                                              Fax: 1-888-836-8714

Nota: Si necesita la información incluida en la Demanda de Liquidación traducida al español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-669-6607.



**Bank of America**

**Home Loans**

*Payoff Department, Mail Stop NC4-105-01-40*
*4161 Piedmont Pkwy*
*Greensboro, NC 27410-8110*

**From:**  Name:  NBKSDUU

**To:**  Name:  Attn:regina Cappiello
  Fax Number:  1-914-946-0870
  Voice Phone:

**Number of pages including this cover page:**  3
**Date and time of transmission:**  June 2, 2011

---

IMPORTANT MESSAGE REGARDING PROPERTY LOCATED AT:
3 E Gate Rd

The following pages contain the requested payoff information and instructions.

In an effort to expedite and more efficiently process your payoff request, please follow the four easy steps below:

1. Write the loan number and borrower's name or property address on the check (ex. XXXX-X, Smith)

2. Place the payoff check on top of any accompanying support documents.

3. Do not staple the actual check to any accompanying support documents.

4. All correspondence and requests for **release documents** should be sent to:

Customer Service
CA6-919-01-41
PO Box 5170
Simi Valley, CA  93062-5170

**Do NOT send payoff funds to this address.**

If there is an error with this transmission, or it is incomplete, please call 1-800-669-6607 for assistance.

---

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND DESTROY THIS DOCUMENT.  THANK YOU.

DMDFAXCR 7451 08/15/2007

# EXHIBIT "B"

CBPRDNRBS42b        6/2/2011 9:13:47 AM   PAGE   24/003   Fax Server

**Bank of America**
Home Loans

**PAYOFF DEMAND STATEMENT**

Payoff Department, Mail Stop NC4-105-01-40
4161 Piedmont Pkwy
Greensboro, NC 27410-8110

| **Statement Void After** |
| **June 14, 2011** |

Statement Date
June 1, 2011

**BAC Home Loans Servicing, LP**
**Loan No.:**    70647336

ATTN: REGINA CAPPIELLO
X
X
X 99999

**Name & Property Address:**
Regina Cappiello
3 E Gate Rd
Suffern, NY  10901

Escrow #           Linda Tirelli
Faxed to:      1-914-946-0870

### This loan is in Bankruptcy.

(B/C-IO FIX)

| **PAYOFF** | | |
|---|---|---|
| **CALCULATION** | Principal Balance as of 08/01/2010 | $645,388.86 |
| | Interest from 08/01/2010 to 06/14/2011 | 36,452.72 |
| | County Recording Fee | 55.50 |
| | Uncollected Late Charges | 350.97 |
| | Fees Due | 45.00 |
| **Total Amount Required to Release Lien (As of June 14, 2011)** | | **$682,293.05** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE JUNE 14, 2011.*

To provide you with the convenience of an extended 'Statement Void After' date, the Total Amount Due may include estimated fees, costs, additional payments and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued.  You will receive a refund if you pay the Total Amount Due and those anticipated fees, expenses, or payments have not been incurred.

### INTEREST CALCULATIONS

For all full month payment periods, interest is calculated on a monthly basis.  Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month.  For partial months, interest is calculated daily on the basis of a 365 day year.

**Adjustable rate mortgage loans may have more than one interest rate in effect during the period in which this demand statement applies.  Amended demand statements are sent automatically if the total amount due increases before June 14, 2011.**

| Daily Interest[1] | From | To | Interest rate |
|---|---|---|---|
| 114.9322 | 06/01/2011 | 06/14/2011 | 6.5000 |

[1]Daily Interest = Principal Balance x Interest Rate ÷ 365

### PAYOFF INSTRUCTIONS

Payoff funds must be made payable to **BAC Home Loans Servicing, LP** and will be accepted by **WIRE** or **CERTIFIED FUNDS ONLY.**  They **MUST** reference the **BAC Home Loans Servicing, LP** loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below.  Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 4:00 p.m. Eastern Time may be posted the following business day.

**Wire Funds to:**
Beneficiary Bank:  Bank of America
ABA Routing #:  0260-0959-3
Beneficiary Acct Name:  MRC
MRC Account #12356-19173
Reference:  Regina Cappiello
Loan Number:  70647336

**Mail CERTIFIED Funds to:**
BAC Home Loans Servicing, LP
Attention: Payoff Department, Mail Stop NC4-105-01-40
4161 Piedmont Pkwy
Greensboro, NC 27410-8110

**PLEASE DO NOT SEND CERTIFIED FUNDS TO THE WIRE FUNDS INSTRUCTIONS ABOVE AS CERTIFIED FUNDS MUST BE PROCESSED IN OUR PAYOFF DEPARTMENT.**

This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan.

**Please call 1-800-669-5833 for updated payoff information within 24 hours of submitting funds.**

*For Internal Use Only: 0*        See following page for important information.        S310L1  11944 03/30/2010

| BAC Home Loans Servicing, LP<br>Loan No: 70647336 | Statement Date:<br>June 1, 2011 | Statement Void After:<br>June 14, 2011 |
|---|---|---|

*YOUR CURRENT ESCROW BALANCE IS $865.34. BAC HOME LOANS SERVICING, LP AUTOMATICALLY PROCESSES ESCROW REFUNDS 14 DAYS AFTER PAYOFF IN ORDER TO ENSURE ALL OUTSTANDING FUNDS HAVE CLEARED.*

**IMPORTANT INSTRUCTIONS ON PAYMENT OF SHORTAGE**

If the payoff amount actually received by BAC Home Loans Servicing, LP to pay off your loan is insufficient to pay the amount due as described in this statement, we may treat your payment as an instruction to deduct the shortage from any refund you would receive of monies from your escrow account. We will not do this, however, if (i) the shortage is greater than $2,000.00, or (ii) you have instructed us not to do so. You may contact our Customer Service Department for this purpose at 1-800-669-6607.

**PAYOFF OVERAGES**

If BAC Home Loans Servicing, LP receives funds greater than the amount required to pay off your loan, we will automatically process the overage within 14 days after payoff and return the excess amount to you. If an address change is being submitted on behalf of the borrower, the form MUST be signed by the borrower for the address change to take effect.

**BANKRUPTCY DISCHARGE**

If you have received a discharge of this debt in a bankruptcy, you have no personal obligation to repay this debt. However, the lender may still foreclose on your property if the debt is not paid as required by the loan documents. This payoff statement is provided at your request and for your convenience. This is not an attempt to collect a debt that has been discharged, nor a demand for payment.

**ADDITIONAL INFORMATION**

The payoff amount indicated in this statement is subject to change for various reasons, including but not limited to the following:

- We may not have posted a recently submitted payment; (Please DO NOT place a stop payment on any check.)
- A fee may be assessed if a payment is returned unpaid by your financial institution for any reason;
- Additional or anticipated fees and costs may be incurred relating to collection, foreclosure, bankruptcy, or other defaults on your loan;
- Adjustments may be required to reflect disbursements made by, or payments owed to, your prior lender if the servicing of your loan was transferred to BAC Home Loans Servicing, LP;
- Late charges may be assessed for delinquent payments received after: 06/16/2011;
- Funds may be deducted from your escrow account to pay taxes, insurance or other escrow items that become due.

Automated Payoff Request Line: 1-800-669-5833                                    Fax: 1-888-836-8714

Nota: Si necesita la información incluida en la Demanda de Liquidación traducida al español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-669-6607.

# EXHIBIT "C"

CERTIFIED COUNTY APPRAISALS

## Restricted Use Residential Appraisal Report

File No. 122401

**PURPOSE**

This report is limited to the sole and exclusive use of the client. The appraisers opinion and conclusions set forth in this report may not be understood properly without additional information in the appraiser's workfile. The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

Client Name or Type/Intended User  **CAPPIELLO**    E-mail **EMYFRED@OPTONLINE.NET**

Client Address  **3 E GATE ROAD**    City **SUFFERN**    State **NY**    Zip **10901**

Intended Use  **ESTABLISH FAIR MARKET VALUE AS OF 8/25/2009**

**SUBJECT**

Property Address  **3 E GATE ROAD**    City **SUFFERN**    State **NY**    Zip **10901**

Other Description (APN, Legal, etc.), if applicable  **SECTION:40.19    BLOCK:1    LOT:29**

Property Rights Appraised  [X] Fee Simple    [ ] Leasehold    [ ] Other (describe)

Subject property existing use  **SINGLE FAMILY**    Use reflected in appraisal.

**SALES HISTORY**

My research [ ] did  [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer:  Date **N/A**    Price **N/A**    Source(s) **MLS**

Analysis of prior sale transfer history of the subject property (and comparable sales, if applicable)    **N/A**

Offerings, options and contracts as of the effective date of the appraisal  **N/A**

**COMMENTS**

Marketability Comments:  **MARKET CONDITIONS ARE CURRENTLY STABLE.  FINANCING IS AVAILABLE FROM LENDERS AT COMPETITIVE INTEREST RATES.  RATES ON 30 YEAR, FIXED RATE MORTGAGES HAVE REMAINED STABLE.  LOAN DISCOUNTS, INTEREST BUYDOWNS AND CONCESSIONS ARE NOT A FACTOR AT THIS TIME.**

Site Comments:  **THERE ARE NO APPARENT ADVERSE EASEMENTS, ENCROACHMENTS OR SPECIAL ASSESSMENTS, ETC.**

Improvement Comments:  **THERE ARE NO PHYSICAL, FUNCTIONAL OR EXTERNAL INADEQUACIES NOTED.**

**SALES COMPARISON APPROACH**

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| **3 E GATE ROAD** Address  **SUFFERN** | | **55 MAYER ROAD** SUFFERN | | **6 BABBLING BROOK LANE** SUFFERN | | **14 RIVER ROAD** SUFFERN | |
| Proximity to Subject | | 1.06 miles SW | | 0.39 miles SW | | 1.27 miles SW | |
| Sale Price | $  N/A | | $  500,000 | | $  520,000 | | $  520,000 |
| Sale Price/Gross Liv. Area | 0.00 sq. ft. | $  184.91 sq. ft. | | $  210.02 sq. ft. | | $  218.67 sq. ft. | |
| Data Source(s) | INSPECTION | MLS - DOM 64 DAYS | | MLS - DOM 33 DAYS | | MLS - DOM 66 DAYS | |
| Verification Source(s) | PUBLIC REC. | MLS/CLOSED | | MLS/CLOSED | | MLS/CLOSED | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing Concessions | N/A | NONE KNOWN | | NONE KNOWN | | NONE KNOWN | |
| Date of Sale/Time | N/A | 06/15/2009 | | 07/02/2009 | | 08/04/2009 | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | .80 ACRES | .60 ACRES | NO ADJ. | .80 ACRES | | .57 ACRES | NO ADJ. |
| View | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Design (Style) | COLONIAL | COLONIAL | | COLONIAL | | COLONIAL | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Actual Age | 1971 | 1975 | | 1972 | | 1960 | |
| Condition | GOOD | GOOD/- | 25,000 | GOOD/+ | -25,000 | GOOD/+ | -25,000 |
| Above Grade | Total 7 / Bdrms 3 / Baths 2.5 | Total 8 / Bdrms 4 / Baths 2.5 | | Total 9 / Bdrms 5 / Baths 3 | -5,000 | Total 8 / Bdrms 4 / Baths 2.5 | |
| Room Count | | | | | | | |
| Gross Living Area | 2,646 sq. ft. | 2,704 sq. ft. | -1,500 | 2,476 sq. ft. | 5,000 | 2,378 sq. ft. | 8,000 |
| Basement & Finished Rooms Below Grade | FULL UNFINISHED | FULL FINISHED | -10,000 | FULL UNFINISHED | | FULL FINISHED | -10,000 |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | HW/CENT | HA/CENT | | HW/CENT | | HA/CENT | |
| Energy Efficient Items | NONE NOTED | NONE NOTED | | NONE NOTED | | NONE NOTED | |
| Garage/Carport | 2 GARAGE | 2 GARAGE | | 2 GARAGE | | 2 GARAGE | |
| Porch/Patio/Deck | DECK, FPL | DECK,PAT,FPL | -5,000 | DECK,POR,FPL | -5,000 | DECK, FPL | |
| | N/A | POOL | -20,000 | N/A | | N/A | |
| Net Adjustment (Total) | | [ ] + [X] - $ 11,500 | | [ ] + [X] - $ 30,000 | | [ ] + [X] - $ 27,000 | |
| Adjusted Sale Price of Comparables | | Net Adj. -2.3% Gross Adj. 12.3% $ 488,500 | | Net Adj. -5.8% Gross Adj. 7.7% $ 490,000 | | Net Adj. -5.2% Gross Adj. 8.3% $ 493,000 | |

Summary of Sales Comparison Approach  **AFTER ADJUSTMENTS THE COMPARABLES ARE GOOD INDICATORS OF VALUE FOR THE SUBJECT PROPERTY.  SEE ADDENDUM FOR FURTHER COMMENTS.**

**ALL 3 SALES WERE ADJUSTED ACCORDINGLY FOR CONDITION.**
**GLA WAS ADJUSTED AT $30 SQUARE FOOT, ROUNDED.**
**SALE 1 AND 3 WERE ADJUSTED FOR THEIR FINISHED BASEMENTS.**
**SALE 1 WAS ADJUSTED FOR HAVING A POOL.**
**THE SUBJECT AND ALL 3 SALES UTILIZE THE SAME SCHOOLS.**



CERTIFIED COUNTY APPRAISALS
## Restricted Use Residential Appraisal Report
File No. 122401

| Approaches to value developed: | [X] Sales Comparison Approach | ☐ Cost Approach | ☐ Income Approach |
|---|---|---|---|

Reasons for excluding an approach to value: THE COST APPROACH WAS NOT DEVELOPED AS THIS APPROACH IS MOST RELEVANT TO NEW CONSTRUCTION.  THE INCOME APPROACH WAS NOT DEVELOPED AS THIS APPROACH IS MOST RELEVANT TO INCOME PRODUCING PROPERTIES.

Reconciliation comments: THE SALES COMPARISON APPROACH WAS UTILIZED AS THIS APPROACH MOST CLOSELY REFLECTS THE ACTIONS OF BUYERS AND SELLERS IN THE MARKETPLACE.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report as of 08/25/2009                          , which is the effective date of this appraisal, is:

[X] Single point $ 490,000          ☐ Range $ _____ to $ _____   ☐ Greater than ☐ Less than $ _____

### Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted, no one provided significant real property appraisal assistance to the appraiser signing this certification.  Significant real property appraisal assistance provided by:

N/A

Additional Certifications:

N/A

Definition of Value:  [X] Market Value    ☐ Other Value: _____
Source of Definition:  THE APPRAISAL OF REAL ESTATE

| APPRAISER | | CO-APPRAISER | |
|---|---|---|---|
| Signature: *Bryan Paul* | | Signature: | |
| Name: BRYAN PARKHURST | | Name: | |
| State Certification # 45000032031 | | State Certification # | |
| or License # | | or License # | |
| or Other (describe): _____ State #: _____ | | or License # | |
| State: NY | | State: | |
| Expiration Date of Certification or License: NY - 04/25/2011 | | Expiration Date of Certification or License: | |
| Date of Signature and Report: 02/28/2011 | | Date of Signature: | |
| Date of Property Viewing: 02/24/2011 | | Date of Property Viewing: | |
| Degree of property viewing: | | Degree of property viewing: | |
| [X] Interior and Exterior  ☐ Exterior Only  ☐ Did not personally view | | ☐ Interior and Exterior  ☐ Exterior Only  ☐ Did not personally view | |



Produced by ACI software, 800.234.8727 www.aciweb.com
Page 2 of 3

This form Copyright © 2007 ACI Division of ISO Claims Services, Inc.,  All Rights Reserved.
(gPAR™) Residential Appraisal Short Form
GPARRES2 04262007

File No. **122401**

### Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1.  The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2.  Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3.  The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4.  Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5.  The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6.  Information, estimates, and opinions furnished to the appraiser, and contained in this report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7.  The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not a home inspection or environmental assessment of the property and should not be considered as such.

8.  The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9.  Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10.  Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is not consistent with the definition of Market Value for property insurance coverage/use unless otherwise stated by the appraiser.

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions

**THIS APPRAISAL ASSIGNMENT IS A RETROSPECTIVE APPRAISAL WITH AN EFFECTIVE APPRAISAL DATE OF 08/25/2009. THE APPRAISER GATHERED AS MUCH INFORMATION ABOUT THE OVERALL CONDITION OF THE SUBJECT PROPERTY AS OF 08/25/2009 AND UTILIZED THIS INFORMATION TO ESTABLISH FAIR MARKET VALUE ON 08/25/2009.  ACCORDING TO THE OWNER THE BASEMENT WAS NOT FINISHED AND THE MASTER BATHROOM WAS NOT UPDATED.**


general purpose appraisal report

Produced using ACI software, 800 234 8727 www.aciweb.com
Page 3 of 3

This form Copyright © 2007 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) Residential Appraisal Short Form
GPARRES2 04262007

SUBJECT PROPERTY PHOTO ADDENDUM

| Client: CAPPIELLO | | File No.: 122401 |
|---|---|---|
| Property Address: 3 E GATE ROAD | | Case No.: |
| City: SUFFERN | State: NY | Zip: 10901 |



FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date: August 25, 2009



REAR VIEW OF
SUBJECT PROPERTY



STREET SCENE

COMPARABLE PROPERTY PHOTO ADDENDUM

| Client: CAPPIELLO | | File No.: 122401 |
|---|---|---|
| Property Address: 3 E GATE ROAD | | Case No.: |
| City: SUFFERN | State: NY | Zip: 10901 |



COMPARABLE SALE #1

55 MAYER ROAD
SUFFERN
Sale Date: 06/15/2009
Sale Price: $ 500,000



COMPARABLE SALE #2

6 BABBLING BROOK LANE
SUFFERN
Sale Date: 07/02/2009
Sale Price: $ 520,000



COMPARABLE SALE #3

14 RIVER ROAD
SUFFERN
Sale Date: 08/04/2009
Sale Price: $ 520,000

| Client: CAPPIELLO | File No.: 122401 | |
| Property Address: 3 E GATE ROAD | Case No.: | |
| City: SUFFERN | State: NY | Zip: 10901 |



LIVING ROOM



KITCHEN



MASTER BATHROOM WAS NOT
UPDATED PRIOR TO 8/25/2009

| Client: CAPPIELLO | | File No.: 122401 | |
|---|---|---|---|
| Property Address: 3 E GATE ROAD | | Case No.: | |
| City: SUFFERN | State: NY | | Zip: 10901 |



UPSTAIRS HALL BATHROOM



1/2 BATHROOM FIRST LEVEL



BASEMENT BATHROOM
BASEMENT WAS NOT FINISHED
PRIOR TO 8/25/2009

| Client: CAPPIELLO | | File No.: 122401 | |
|---|---|---|---|
| Property Address: 3 E GATE ROAD | | Case No.: | |
| City: SUFFERN | State: NY | | Zip: 10901 |



LIVING ROOM CEILING DAMAGE
DUE TO RECENT SNOW/ICE STORMS
THIS DAMAGE WAS NOT PRESENT
PRIOR TO 08/25/2009



CRACK IN UPSTAIRS BATHROOM



DRIVEWAY ENTRANCE

FLOORPLAN

| Client: CAPPIELLO | | File No.: 122401 | |
|---|---|---|---|
| Property Address: 3 E GATE ROAD | | Case No.: | |
| City: SUFFERN | | State: NY | Zip: 10901 |



Sketch by Apex IV Windows™

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Size | Totals |
| GLA1 | First Floor | 1350.00 | 1350.00 |
| GLA2 | Second Floor | 1280.00 | 1280.00 |
| GAR | Garage | 576.00 | 576.00 |
| | | | |
| TOTAL LIVABLE | (rounded) | | 2646 |

| LIVING AREA BREAKDOWN | | |
|---|---|---|
| Breakdown | | Subtotals |
| First Floor | | |
| 10.0 x 35.0 | | 350.00 |
| 28.0 x 36.0 | | 1008.00 |
| Second Floor | | |
| 28.0 x 46.0 | | 1288.00 |
| | | |
| 3 Areas Total (rounded) | | 2646 |

LOCATION MAP

| Client: CAPPIELLO | File No.: 122401 | |
|---|---|---|
| Property Address: 3 E GATE ROAD | Case No.: | |
| City: SUFFERN | State: NY | Zip: 10901 |



CERTIFIED COUNTY APPRAISALS   (914) 232-2200

File No. 122401

********* INVOICE *********

File Number: 122401                          02/28/2011

CAPPIELLO
3 E GATE ROAD
SUFFERN, NY 10901

Invoice # :
Order Date :        02/24/2011
Reference/Case # :
PO Number :

3 E GATE ROAD
SUFFERN, NY 10901

| | | |
|---|---|---|
| 1 FAMILY | $ | 400.00 |
| RETRO 08/25/2009 | $ | |
| | | ............... |
| Invoice Total | $ | 400.00 |
| State Sales Tax @ | $ | 0.00 |
| Deposit | ($ | 400.00 ) |
| Deposit | ($ | ) |
| | | ............... |
| Amount Due | $ | 0.00 |

Terms:  N/A

Please Make Check Payable To:

N/A

Fed. I.D. #: N/A

THANKS FOR THE BUSINESS!
BRYAN PARKHURST

# EXHIBIT "D"

**SUBJECT**

| | |
|---|---|
| Property Rights Appraised | [X] Fee Simple  [ ] Leasehold  [ ] Other (describe) |
| Subject property existing use: | SINGLE FAMILY    Use reflected in appraisal. |
| My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal. | |

**SALES HISTORY**

Prior Sale/Transfer:  Date N/A    Price N/A    Source(s) MLS

Analysis of prior sale transfer history of the subject property (and comparable sales, if applicable)    N/A

Offerings, options and contracts as of the effective date of the appraisal   N/A

**COMMENTS**

Marketability Comments: MARKET CONDITIONS ARE CURRENTLY STABLE. FINANCING IS AVAILABLE FROM LENDERS AT COMPETITIVE INTEREST RATES. RATES ON 30 YEAR, FIXED RATE MORTGAGES HAVE REMAINED STABLE. LOAN DISCOUNTS, INTEREST BUYDOWNS AND CONCESSIONS ARE NOT A FACTOR AT THIS TIME.

Site Comments: THERE ARE NO APPARENT ADVERSE EASEMENTS, ENCROACHMENTS OR SPECIAL ASSESSMENTS, ETC.

Improvement Comments: THERE ARE NO FUNCTIONAL OR EXTERNAL INADEQUACIES NOTED. PHYSICAL INADEQUACY - DUE TO THE RECENT SNOW/ICE STORMS THERE IS DAMAGE TO THE LIVING ROOM CEILING AND LIVING ROOM WINDOWS. THE BATHROOM UPSTAIRS ALSO HAS A CRACK IN THE WALL. THE APPRAISER HAS TAKEN THIS INTO CONSIDERATION IN THE CONDITION ADJUSTMENTS.

**SALES COMPARISON APPROACH**

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | +(-) $ Adjustment | COMPARABLE SALE NO. 2 | +(-) $ Adjustment | COMPARABLE SALE NO. 3 | +(-) $ Adjustment |
|---|---|---|---|---|---|---|---|
| Address | 3 E GATE ROAD SUFFERN | 10 COPELAND DRIVE SUFFERN | | 6 SAMEGO COURT SUFFERN | | 41 MONTEBLLO ROAD SUFFERN | |
| Proximity to Subject | | 0.63 miles SW | | 1.10 miles NNE | | 1.43 miles S | |
| Sale Price | $ N/A | $ 402,000 | | $ 575,000 | | $ 487,500 | |
| Sale Price/Gross Liv. Area | $ N/A sq. ft. | $ 139.87 sq. ft. | | $ 177.80 sq. ft. | | $ 177.53 sq. ft. | |
| Data Source(s) | INSPECTION | MLS - DOM 94 DAYS | | MLS - DOM 91 DAYS | | MLS - DOM 90 DAYS | |
| Verification Source(s) | PUBLIC REC. | MLS/CLOSED | | MLS/CLOSED | | MLS/CLOSED | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | | DESCRIPTION | | DESCRIPTION | |
| Sale or Financing Concessions | N/A | NONE KNOWN | | NONE KNOWN | | NONE KNOWN | |
| Date of Sale/Time | N/A | 08/27/2010 | | 08/27/2010 | | 01/21/2011 | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVG/TRAFFIC | 10,000 |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | .80 ACRES | 1.04 ACRES | -2,500 | 1.14 ACRES/+ | -25,000 | 1.22 ACRES | -4,000 |
| View | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Design (Style) | COLONIAL | COLONIAL | | COLONIAL | | COLONIAL | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE/+ | -25,000 | AVERAGE | |
| Actual Age | 1971 | 1968 | | 1973 | | 1982 | |
| Condition | GOOD | AVERAGE | 40,000 | VERY GOOD | -55,000 | GOOD | |
| Above Grade Room Count | Total 7 Bdrms. 3 Baths 2.5 | Total 10 Bdrms. 4 Baths 2.5 | | Total 9 Bdrms. 4 Baths 2.5 | | Total 9 Bdrms. 4 Baths 2.5 | |
| Gross Living Area | 30.00  2,646 sq. ft. | 2,874 sq. ft. | -7,000 | 3,234 sq. ft. | -17,500 | 2,746 sq. ft. | -3,000 |
| Basement & Finished Rooms Below Grade | FULL FINISHED | N/A N/A | 50,000 | N/A N/A | 50,000 | FULL FINISHED | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | HW/CENT | HW/CENT | | HW/CENT | | HW/CENT | |
| Energy Efficient Items | NONE NOTED | NONE NOTED | | NONE NOTED | | NONE NOTED | |
| Garage/Carport | 2 GARAGE | DRIVEWAY | 10,000 | 2 GARAGE | | 2 GARAGE | |
| Porch/Patio/Deck | DECK, FPL | DECK | 2,500 | DECK,PAT,FPL | -2,500 | DECK, FPL | |
| | | | | | | | |
| Net Adjustment (Total) | | [X] + [ ] - $ 93,000 | | [ ] + [X] - $ 75,000 | | [X] + [ ] - $ 3,000 | |
| Adjusted Sale Price of Comparables | | Net Adj. 23.1% Gross Adj. 27.9% $ 495,000 | | Net Adj. -13.0% Gross Adj. 30.4% $ 500,000 | | Net Adj. 0.6% Gross Adj. 3.5% $ 490,500 | |

Summary of Sales Comparison Approach    AFTER ADJUSTMENTS THE COMPARABLES ARE GOOD INDICATORS OF VALUE FOR THE SUBJECT PROPERTY. SEE ADDENDUM FOR FURTHER COMMENTS.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report as of  02/24/2011  , which is the effective date of this appraisal, is:

[X] Single point $ 495,000      [ ] Range $ _____ to $ _____      [ ] Greater than  $ _____   [ ] Less than  $ _____

Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted, no one provided significant real property appraisal assistance to the appraiser signing this certification.  Significant real property appraisal assistance provided by:

N/A

Additional Certifications:

N/A

Definition of Value:     [X] Market Value     [ ] Other Value: _____
Source of Definition:    THE APPRAISAL OF REAL ESTATE

APPRAISER

Signature:  _Bryan Park_
Name:  BRYAN PARKHURST
State Certification #  45000032031
or License #  _____
or Other (describe): _____   State #: _____
State:  NY
Expiration Date of Certification or License:  NY   04/25/2011

CO-APPRAISER

Signature:  _____
Name:  _____
State Certification #  _____
or License #  _____
State:  _____
Expiration Date of Certification or License:  _____

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not a home inspection or environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is not consistent with the definition of Market Value for property insurance coverage/use unless otherwise stated by the appraiser.

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions
N/A



FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date: February 24, 2011



REAR VIEW OF
SUBJECT PROPERTY



STREET SCENE



COMPARABLE SALE #1

10 COPELAND DRIVE
SUFFERN
Sale Date: 08/27/2010
Sale Price: $ 402,000



COMPARABLE SALE #2

6 SAMEGO COURT
SUFFERN
Sale Date: 08/27/2010
Sale Price: $ 575,000



COMPARABLE SALE #3

41 MONTEBLLO ROAD
SUFFERN
Sale Date: 01/21/2011
Sale Price: $ 487,500

LIVING ROOM



KITCHEN



MASTER BATHROOM





UPSTAIRS HALL BATHROOM



1/2 BATHROOM DOWNSTAIRS



BATHROOM DOWNSTAIRS.



CEILING DAMAGE DUE TO RECENT
SNOW/ICE STORMS



CRACK IN UPSTAIRS HALLYWAY
BATHROOM



DRIVEWAY ENTRANCE



Sketch by Apex IV Windows™

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Size | Totals |
| GLA1 | First Floor | 1358.00 | 1358.00 |
| GLA2 | Second Floor | 1288.00 | 1288.00 |
| GAR | Garage | 576.00 | 576.00 |

| LIVING AREA BREAKDOWN | | |
|---|---|---|
| Breakdown | | Subtotals |
| First Floor | | |
| 10.0 x 35.0 | | 350.00 |
| 28.0 x 36.0 | | 1008.00 |
| Second Floor | | |
| 28.0 x 46.0 | | 1288.00 |



********* INVOICE *********

File Number: 122402                          02/28/2011

CAPPIELLO
3 E GATE ROAD
SUFFERN, NY 10901

Invoice # :
Order Date :          02/24/2011
Reference/Case # :
PO Number :

3 E GATE ROAD
SUFFERN, NY  10901

|  | 1 FAMILY |  | $ | 400.00 |
|  |  |  | $ |  |

| | Invoice Total | $ | 400.00 |
| | State Sales Tax @ | $ | 0.00 |
| | Deposit | ($ | 400.00 ) |
| | Deposit | ($ | ) |

| | Amount Due | $ | 0.00 |

Terms:  N/A

Please Make Check Payable To:

N/A

Fed. I.D. #: N/A

THANKS FOR THE BUSINESS!
BRYAN PARKHURST